IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>$2,468,460.39 in U.S. Currency,<br><br>     Defendant *in Rem*. | No. 4:24-CV- |

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against $2,468,460.39 in U.S. currency ("Defendant Property"):

## **NATURE OF THE ACTION**

1. This is a forfeiture action under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C). The United States seeks the forfeiture of the Defendant Property under 18 U.S.C. § 981(a)(1)(A) because it is property involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of Title 18, or property traceable to such property. The Defendant Property also is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (relating to wire fraud), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction is proper under 28 U.S.C. § 1355(b).

3. Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b) because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

4. The Plaintiff is the United States of America.

5. The Defendant Property is $2,468,460.39 in U.S. currency. The Defendant Property was seized on January 24, 2024, from Circle Internet Financial, LLC ("Circle") in Boston, Massachusetts. On January 24, 2024, the Defendant Property was wire transferred to the custody of Homeland Security Investigations/Immigration and Customs Enforcement ("HSI/ICE") and was deposited into an HSI/ICE suspense account with the Federal Reserve Bank in New York, New York.

6. Alec Prostok, represented by Arnold Spencer, filed a claim to the Defendant Property in HSI/ICE's administrative forfeiture proceeding against the Defendant Property on February 28, 2024.

## FACTS

7. The primary responsibility of HSI is to identify, investigate, and prevent criminal activity. HSI conducts federal criminal investigations into the illegal movement of people, goods, money, contraband, weapons, and sensitive technology into, out of, and

through the United States.  HSI's investigations are wide ranging to include drug and weapons smuggling, cyber and financial crime, illegal technology exports, and intellectual property crime.

8. Investigators and special agents with HSI are specially trained and learn by experience how to identify, investigate, and prevent criminal activity.

9. On December 22, 2023, a special agent with HSI was contacted by Dallas-based attorney Arnold Spencer, who represents Alec Prostok of Hekla Partners ("Hekla"), who reported cyber and financial criminal activity.

10. Hekla is an investment fund for cryptocurrency and manages funds for clients who reside in the Fort Worth, Texas area as well as other locations throughout the United States.

11. On or about December 21, 2023, one of Hekla's cryptocurrency wallets on the Solana ("SOL") blockchain was compromised.[1]

12. At that time, Prostok was attempting to claim an airdrop for a cryptocurrency called Jito.

13. An "airdrop" involves sending coins to a token or wallet address in order to promote awareness of a new cryptocurrency.  "Airdrops" involve the transmission of wire and digital signals through interstate and foreign channels.

---

[1] Hekla's compromised SOL wallet is AZwGhQw9VHsQTsMXwYBXYpsQ64rLfDaoY73kaJhwdW9e.

14. While Prostok was attempting to claim the airdrop for Jito, unbeknownst to Prostok, an unknown entity sent a fraudulent airdrop masking itself as the Jito airdrop, which subsequently compromised Hekla's SOL wallet.

15. The unknown entity fraudulently deceived Hekla into believing that the fraudster was acting on behalf of Jito, when, in fact, they were not, and based on the misrepresentation, Hekla unwittingly provided the fraudster access to Hekla's SOL wallet.

16. During the compromise, the unknown entity transferred approximately 16,254.33 SOL from Hekla's wallet to a different SOL wallet.[2]

17. The fraudster then converted the SOL to USDC—which is operated by Circle[3]—and then transferred the USDC to two other wallets.

18. Blockchain analysis shows that one wallet (Wallet One)[4] received approximately 710,594.18 USDC, and the other wallet (Wallet Two)[5] received 710,595.00 USDC.

19. Blockchain analysis shows that Wallet Two contained 1,757,863.21 USDC after the deposit of the digital currency fraudulently obtained from Hekla's digital wallet, meaning the unknown entity commingled the stolen cryptocurrency with other USDC.

---

[2] This fraudulently receiving SOL wallet is CompuYiTmdxvHERMig9DKw1i8i1VpX4oMzgFoMd2LFrM.
[3] Circle is a financial institution as defined in 31 U.S.C. § 5312, so the subsequent conversion of the SOL into USDC after its arrival in the criminal's first wallet was comprised of at least one monetary transaction involving more than $10,000 in proceeds from a specified unlawful activity.
[4] Wallet One is Fdx3wVbPmkE1Vq6gDRZkbtBnKSu7vQUGx1FHBvfWzczQ.
[5] Wallet Two is okXLb9gQ434dqTyBa5oR3eaQynZsrXdR6WQyNv99CMY.

20. On or about December 23, 2023, the USDC in Wallet Two was transferred to two other wallets—Wallet Three[6] and Wallet Four.[7]

21. Wallet Three received 757,865.00, and Wallet Four received 1,000,000.00 in USDC.

22. Each of the wallets or addresses have separate USDC token addresses.

23. The USDC token address for Wallet One is D9UMSPoAVDRwiJdbx9wKfj2yBYeyQg4rv4Dza1Y2hVZK. The USDC token address for Wallet Three is 5Z3LCu8dmMReTQFJrMJzzjKUQqRS3oE3BobwDv6j5E27. And the USDC token address for Wallet Four is 2RyYAy3YJQ5uQVE7EcoEM43iZvS9TjrBLibxkHcwaiqf.

24. After Hekla's SOL wallet was compromised, Hekla hired a company called Blocktrace, LLC to conduct tracing of the stolen cryptocurrency.

25. Blocktrace's tracing investigation revealed the conversions and transfers of the cryptocurrency noted above.

26. Blocktrace provided a graph that illustrates how (1) the wallet was compromised, (2) the funds were transferred to another SOL wallet, (3) the funds were converted into USDC, and (4) the funds were then subdivided into several different USDC wallets.

---

[6] Wallet Three is 1223gXmCYtgvoYLscyGHyZEdMQDoSf2gaPLBpmnAJXRQ.
[7] Wallet Four is 1223WnMPw6ZvpEqkottwMZ4MEXpjHCCa1KErZqN4WKRQ.

27. The HSI special agent investigating the matter reviewed Blocktrace's blockchain analysis concerning the path and location of the funds and verified the accuracy of the analysis.

28. HSI continued investigating the matter and determined through information provided by Circle that on December 23, 2023, the funds taken through the fraudulent compromise of Hekla's SOL wallet were still in Wallets One, Three, and Four.

29. HSI obtained a federal seizure warrant for the wallets and USDC token addresses of Wallets One, Three, and Four.

30. On December 28, 2023, HSI served the seizure warrant on Circle, which also included a freeze order on the wallets and USDC token addresses, resulting in the funds not being able to be transferred out of Wallets One, Three, and Four.

31. On January 16, 2024, Circle notified the HSI special agent investigating the matter that Circle had received an email inquiry from an individual asking about the frozen blockchain addresses and asking for a government point of contact.

32. Circle provided the HSI special agent's contact information to the individual.

33. On or about January 16, 2024, the HSI special agent received an email from tbowers342@gmail.com by a person who said her name was Bushra Mohamed Khalifa Abdulla Al Hammadi. She claimed she lives in the United Arab Emirates and lost her life savings that she had in SOL and then converted to USDC and subsequently discovered to have been frozen.

34. Through this email, the person or persons using tbowers342@gmail.com were asserting ownership of Wallets One, Three, and Four.

35. The frozen assets in Wallets One, Three, and Four amounted to $2,468,460.39 in U.S. currency.

36. Circle transferred the $2,468,460.39 in U.S. currency to HSI via a wire transfer on January 24, 2024, pursuant to the seizure warrant.

37. Notice of the seizure of the Defendant Property was provided to Prostok and Al Hammadi by U.S. Customs and Border Protection.

38. Prostok filed a claim for the Defendant Property, but no claim has been filed by Al Hammadi.

## FIRST CAUSE OF ACTION
### 18 U.S.C. § 981(a)(1)(C)
**(forfeiture of property related to wire fraud)**

39. The United States of America reasserts all allegations previously made.

40. Under 18 U.S.C. § 981(a)(1)(C), any property that constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the United States of America.

41. Under 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), wire fraud in violation of 18 U.S.C. § 1343 is a "specified unlawful activity."

42. The wire fraud statute, 18 U.S.C. § 1343, establishes criminal liability for

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

43. As set forth above, money in the form of SOL cryptocurrency was fraudulently obtained through misrepresentations by removing the SOL from Hekla's SOL wallet in Texas via wire transfers and then converting and sending the funds to several Circle wallets in Massachusetts.

44. As set forth above, the Defendant Property is property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343. The Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## SECOND CAUSE OF ACTION
## 18 U.S.C. § 981(a)(1)(A)
### (forfeiture of property related to money laundering)

45. The United States of America reasserts all allegations previously made.

46. Under 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property" is subject to forfeiture.

47. Under the money laundering statute, 18 U.S.C. § 1956, it is unlawful for any person to conduct or attempt to conduct a financial transaction that involves the proceeds of specified unlawful activity where the person knows the property involved in the financial transaction represents the proceeds of some unlawful activity, and where the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

48. Under 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), wire fraud in violation of 18 U.S.C. § 1343 is a "specified unlawful activity" for purposes of the money laundering statute.

49.     As set forth above, a financial transaction involving the proceeds of a specified unlawful activity (wire fraud) occurred when cryptocurrency was removed from Hekla's wallet fraudulently and, by means of a wire transfer, was deposited into Circle wallets in Massachusetts.  Hekla's SOL was converted into USDC and broken down and transferred into multiple wallets in an attempt to conceal the unlawful transactions.

50.     As set forth above, the Defendant Property is property involved in a financial transaction or attempted financial transaction in violation of 18 U.S.C. § 1956, or property traceable to such property, and, therefore, the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## **REQUEST FOR RELIEF**

WHEREFORE, the United States of America respectfully asserts that the Defendant Property is forfeitable to the United States of America under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

The United States of America further requests:

A.  That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b), the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property;

B.  That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

C.  That a Judgment of Forfeiture be decreed against the Defendant Property;

D. That, upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or its delegate be able to dispose of the Defendant Property according to law; and

E. That the United States of America receives its costs of court and all further relief to which it is entitled.

DATED this 22nd day of May 2024.

        Respectfully submitted,

        LEIGHA SIMONTON
        UNITED STATES ATTORNEY

        */s/ John Penn*
        JOHN PENN
        Assistant United States Attorney
        Indiana Bar No. 28722-29
        1100 Commerce Street, Suite 300
        Dallas, Texas 75242
        Telephone: 214-659-8600
        Facsimile: 214-659-8805
        Email: john.penn@usdoj.gov

        ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Special Agent with Homeland Security Investigations ("HSI"). As a Special Agent with HSI, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Verified Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed this 22nd day of May 2024.

Special Agent Christopher Rodriguez
Homeland Security Investigations